ORDERED in the Southern District of Florida on June 6, 2025

Scott M. Grossman, Judge
United States Bankruptcy Court

UNITED STATES BANKTUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re: ·

Matter of United States Trustee's Motion,
for Show Cause Order Against Melodye
Hannes.

Misc. Pro. No. 25-00103-SMG[1]

_____/

Matter of United States Trustee's Motion,
for Show Cause Order Against Jerome
Ramsaran.

_____/

### ORDER TO SHOW CAUSE WHY MELODYE HANNES SHOULD NOT BE SANCTIONED, FINED, AND REFERRED TO THE FLORIDA BAR FOR THE UNAUTHORIZED PRACTICE OF LAW

---

[1] The United States trustee's motion for an order to show cause was filed in the chapter 11 case of *In re Derrick Turton*, Case No. 25-10825 (ECF No. 98). To more efficiently resolve this matter – and to not distract from the substantive issues in Mr. Turton's case – on June 6, 2025, the Court directed the Clerk to open this separate miscellaneous proceeding to adjudicate this matter, together with a separate but related motion for order to show cause as to attorney Jerome Ramsaran.

1

On January 27, 2025, Debtor Derrick Turton filed a voluntary chapter 13 petition.[2] He had two previous chapter 13 cases, both of which were dismissed within 30 days of filing for failing to cure filing deficiencies.[3] The petition in the first case – Case No. 24-15711-PDR – was purportedly signed by an attorney on June 6, 2024 according to part 7 of the petition.[4] However, the signature did not include the name of an attorney, only the following entity: Legal Structure Consulting LLC. The petition in the second case – Case No. 24-17735-PDR – was also purportedly signed by the same "attorney" on the same date, June 6, 2024.[5] In fact, these two petitions – filed 54 days apart – appear to be identical. The second petition, however, was filed using the CM/ECF filing credentials of Jerome Ramsaran, Esq.

On February 5, 2025, the Court held a hearing in Mr. Turton's most recent case – which Mr. Turton filed pro se – on his Motion to Extend or Impose Automatic Stay.[6] When asked about his two earlier cases, Mr. Turton represented to the Court that he had relied on the advice of "attorney" Melodye Sue Hannes (California bar number 192977) to whom he paid $3,500, and whom he believed represented him in both prior cases. A search of the Florida Bar records reveals that Ms. Hannes is not an attorney licensed in the state of Florida. A search of California bar records reveals that Ms. Hannes was disbarred in 2006. In addition, although Mr. Turton's second chapter 13 petition was filed using attorney Mr. Ramsaran's CM/ECF filing

---

[2] *See* Case No. 25-10825-SMG (ECF No. 1).
[3] Case No. 24-15711-PDR (ECF No. 15); Case No. 24-17735-PDR (ECF No. 11).
[4] Case No. 24-15711 (ECF No. 1) at p. 7.
[5] Case No. 24-17735 (ECF No. 1) at p. 7.
[6] Case No. 25-10825 (ECF No. 7).

2

credentials, Mr. Turton represented to the Court that he had never met or even heard of Mr. Ramsaran.

Following that hearing, on February 27, 2025, the Court entered an Order[7] referring the matter to the United States Trustee for investigation and any appropriate action. The Referral Order noted that Ms. Hannes was not licensed to practice law in Florida and had been disbarred in California.[8] In response, the UST sent a letter to Ms. Hannes on March 3, 2025, requesting information regarding her involvement in Mr. Turton's case.[9] Ms. Hannes responded on March 12, 2025.[10] In her response, Ms. Hannes admitted to communicating with Mr. Turton's wife, providing bankruptcy petition preparation services, and offering input regarding whether to file under Chapter 7 or 13. She also acknowledged having previously assisted Mr. Turton's wife with other legal matters. Ms. Hannes further stated in her response that she could not recall how Mr. Turton's second case was filed using Mr. Ramsaran's CM/ECF credentials.[11]

On June 3, 2025, the United States Trustee filed a motion for an order to show cause[12] why Ms. Hannes should not be sanctioned for failing to comply with section 110 of the Bankruptcy Code and for using the CM/ECF filing credentials of Mr. Ramsaran to file a bankruptcy case on behalf of Mr. Turton without being

---

[7] Case No. 25-10825 (ECF No. 41).
[8] *Id.*
[9] *See* Trustee's Mot. for Order to Show Cause (Case No. 25-10825, ECF No. 98 at ¶ 7 and Ex. A).
[10] *Id.* at ¶ 8 and Ex. B.
[11] *Id.* at ¶ 9 and Ex. B.
[12] Case No. 25-10825 (ECF No. 98).

authorized by Mr. Ramsaran to use such credentials.[13] The Court finds it appropriate to grant the United States Trustee's motion.

Accordingly, it is **ORDERED** that:

1.      Melodye Hannes **must appear in person** before the United States Bankruptcy Court for the Southern District of Florida on **July 8, 2025, at 1:30 p.m.** at the U.S. Courthouse, 299 E. Broward Blvd., Room 308, Fort Lauderdale, Florida 33301, to show cause why she should not be sanctioned for violating 11 U.S.C. § 110 and Local Rule 5005-4(B)(4); fined for each violation of 11 U.S.C. § 110; ordered to return $3,500 to Mr. Turton under 11 U.S.C. § 110(h); and referred to the Florida Bar to investigate whether Ms. Hannes has engaged in the unauthorized practice of law.

2.      Any written response by Ms. Hannes to this Order must be filed by **June 27, 2025.**

3.      The United States Trustee is directed to serve a copy of this Order, together with the United States Trustee's motion for order to show cause, on Melodye Hannes and to file a certificate of service with the Court.

### 

---

[13] The United States Trustee also filed a separate motion for an order to show cause why Mr. Ramsaran should not be sanctioned. *See* Case No. 25-10825 (ECF No. 97). That motion will be addressed separately.

4