ORDERED in the Southern District of Florida on _June 6, 2025_

_Scott M. Grossman_

Scott M. Grossman, Judge
United States Bankruptcy Court

UNITED STATES BANKTUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Matter of United States Trustee's Motion,
for Show Cause Order Against Melodye
Hannes.

Misc. Pro. No. 25-00103-SMG[1]

_____/

Matter of United States Trustee's Motion,
for Show Cause Order Against Jerome
Ramsaran.

_____/

## ORDER TO SHOW CAUSE
## WHY JEROME RAMSARAN, ESQ. SHOULD NOT BE REQUIRED
## TO ATTEND LEGAL EDUCATION ON PROFESSIONAL RESPONSIBILITY
## AND HAVE HIS ELECTRONIC FILING PRIVILEGES SUSPENDED

On January 27, 2025, Debtor Derrick Turton filed a voluntary chapter 13

petition.[2] He had two previous chapter 13 cases, both of which were dismissed within

30 days of filing for failing to cure filing deficiencies.[3] The petition in the first case –

---

[1] The United States trustee's motion for an order to show cause was filed in the chapter 11 case of *In re Derrick Turton*, Case No. 25-10825 (ECF No. 97). To more efficiently resolve this matter – and to not distract from the substantive issues in Mr. Turton's case – on June 6, 2025, the Court directed the Clerk to open this separate miscellaneous proceeding to adjudicate this matter, together with a separate but related motion for order to show cause as to Melodye Hannes.

[2] *See* Case No. 25-10825-SMG (ECF No. 1).

[3] Case No. 24-15711-PDR (ECF No. 15); Case No. 24-17735-PDR (ECF No. 11).

Case No. 24-15711-PDR – was purportedly signed by an attorney on June 6, 2024 according to part 7 of the petition.[4] However, the signature did not include the name of an attorney, only the following entity: Legal Structure Consulting LLC. The petition in the second case – Case No. 24-17735-PDR – was also purportedly signed by the same "attorney" on the same date, June 6, 2024.[5] In fact, these two petitions – filed 54 days apart – appear to be identical. The second petition, however, was filed using the CM/ECF filing credentials of Jerome Ramsaran, Esq.

On February 5, 2025, the Court held a hearing in Mr. Turton's most recent case – which Mr. Turton filed pro se – on his Motion to Extend or Impose Automatic Stay.[6] When asked about his two earlier cases, Mr. Turton represented to the Court that he had relied on the advice of "attorney" Melodye Sue Hannes (California bar number 192977) to whom he paid $3,500, and whom he believed represented him in both prior cases. A search of the Florida Bar records reveals that Ms. Hannes is not an attorney licensed in the state of Florida. A search of California bar records reveals that Ms. Hannes was disbarred in 2006. In addition, although Mr. Turton's second chapter 13 petition was filed using attorney Mr. Ramsaran's CM/ECF filing credentials, Mr. Turton represented to the Court that he had never met or even heard of Mr. Ramsaran.

Following that hearing, on February 27, 2025, the Court entered an Order[7] referring the matter to the United States Trustee for investigation and any

---

[4] Case No. 24-15711 (ECF No. 1) at p. 7.
[5] Case No. 24-17735 (ECF No. 1) at p. 7.
[6] Case No. 25-10825 (ECF No. 7).
[7] Case No. 25-10825 (ECF No. 41).

appropriate action. The Court specifically noted in its Referral Order that the Debtor's second case was filed under Mr. Ramsaran's CM/ECF filing credentials.[8] On March 3, 2025, the United States Trustee sent correspondence to Mr. Ramsaran advising Mr. Ramsaran of the Court's Referral Order and requiring a response detailing Mr. Ramsaran's involvement with the Mr. Turton, Ms. Hannes, and certain legal entities owned or managed by Ms. Hannes, on or before March 11, 2025.[9] Mr. Ramsaran timely responded[10] through counsel to the United States Trustee's correspondence on March 11, 2025. Mr. Ramsaran stated that he had no connections with Mr. Turton, but that Ms. Hannes convinced Mr. Ramsaran's law firm to share Mr. Ramsaran's CM/ECF filing credentials because Mr. Ramsaran was considering hiring Ms. Hannes for non-lawyer work on an ad hoc basis.[11] The working relationship between Mr. Ramsaran and Ms. Hannes never materialized. Mr. Ramsaran further stated in his response that since learning about this matter, he changed the password for his CM/ECF filing credentials, acknowledged the severity of sharing his e-filing information, and vowed not to share such information in the future.[12]

On June 3, 2025, the United States Trustee filed a motion for an order to show cause[13] why Mr. Ramsaran should not be sanctioned for violating the Court's Local

---

[8] *Id.*

[9] *See* Trustee's Mot. for Order to Show Cause (Case No. 25-10825, ECF No. 97 at ¶ 7 and Ex. A).

[10] *Id.* at ¶ 8 and Ex. B.

[11] *Id.* at ¶ 9 and Ex. B.

[12] *Id.* at ¶ 10-11 and Ex. B.

[13] Case No. 25-10825 (ECF No. 97).

Rules and guidelines regarding e-filing and CM/ECF credentials.[14] The Court finds it appropriate to grant the United States Trustee's motion.

Accordingly, it is **ORDERED** that:

1.      Attorney Jerome Ramsaran **must appear in person** before the United States Bankruptcy Court for the Southern District of Florida on **July 8, 2025, at 1:30 p.m.** at the U.S. Courthouse, 299 E. Broward Blvd., Room 308, Fort Lauderdale, Florida 33301, to show cause why he should not be required to take continuing legal education on professional responsibility and have his CM/ECF filing privileges suspended.

2.      Any written response by Mr. Ramsaran to this Order must be filed by **June 27, 2025**.

3.      The United States Trustee is directed to serve a copy of this Order, together with the United States Trustee's motion for order to show cause, on Jerome Ramsaran and to file a certificate of service with the Court.

### 

---

[14] The United States Trustee also filed a separate motion for an order to show cause why Ms. Hannes should not be sanctioned. *See* Case No. 25-10825 (ECF No. 98). That motion will be addressed separately.