**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

In re:

Matter of United States Trustee's Motion,                    Misc. Proc. No. 25-00103-SMG for
Show Cause Order against Melodye Hannes.
_____/

Matter of United States Trustee's Motion,
for Show Cause Order against Jerome Ramsaran.
_____/

**RENEWED MOTION TO COMPEL COMPLIANCE**
**WITH ORDER AND FOR SANCTIONS**

The Debtor, Derrick Turton, by and through undersigned counsel, respectfully moves this

Court for an order compelling Melodye Hannes to immediately comply with this Court's Order

Fining Melodye Hannes, Requiring Melodye Hannes to Refund Derrick Turton, and Referring

Melodye Hannes to the Florida Bar to Investigate Whether Melodye Hannes Engaged in the

Unauthorized Practice of Law dated July 11, 2025 [ECF #16] (hereinafter "Order"), and for an

award of reasonable expenses, including attorney's fees, incurred in bringing this motion.

**I. BACKGROUND**

1.      On July 11, 2025, this Court entered its Order against Melodye Hannes, which,

among other things, required Ms. Hannes to return $3,500 to Derrick Turton.

2.      The Order explicitly mandated that this payment be made within 28 days after its

entry.

3.      The deadline for Ms. Hannes to make the $3,500 payment to Derrick Turton was

August 8, 2025.

1

4.　As of today, October 9, 2025, Melodye Hannes has failed to make the required $3,500 payment to Derrick Turton, thereby violating a clear and unambiguous directive of this Court.

5.　This Motion was previously set for hearing [ECF #22]. The Motion was denied without prejudice for failure to prosecute [ECF #26]. This constitutes the renewed Motion.

## II. LEGAL STANDARD

Courts possess the inherent authority to enforce their own orders and ensure compliance. See, e.g., *Friedman v. Bloomberg L.P.*, 2022 WL 2906753 (D.Conn. 2022). A party's disobedience to a specific and definite court order by failing to take all reasonable steps within their power to comply constitutes civil contempt. *Vasquez v. Libre By Nexus, Inc.*, 2022 WL 4878648, *3 (N.D.Cal. 2022). Remedies for civil contempt include those designed to coerce compliance with a court order or to compensate the complainant for actual losses. *Id.*

> A district court has discretion to award attorneys' fees and costs as a remedial measure in a proceeding for civil contempt. *See Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (holding that a district court has discretion "to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure" and that a finding of "willful" disobedience with a court order is not required for a district court to award fees and costs as a remedial measure in civil contempt proceedings).

*Id.* at 14. Thus, in cases of non-compliance with court orders, the court may order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

## III. ARGUMENT

Ms. Hannes's failure to pay the $3,500 to Derrick Turton by the August 8, 2025 deadline constitutes a clear violation of this Court's Order. The Order was specific and definite regarding

the payment amount and due date. Hannes has not complied with this directive, necessitating intervention by the Court to compel obedience.

Courts routinely compel litigants to comply with their orders, including those requiring payment. Ms. Hannes has presented no justification for her non-compliance, nor are there circumstances that would make an award of expenses unjust. Therefore, this Court should exercise its authority to compel immediate compliance and award expenses incurred by Mr. Turton in bringing this motion.

### IV. CONCLUSION

**WHEREFORE**, for the foregoing reasons, Debtor, Derrick Turton, respectfully requests that this Court:

a. Order Melodye Hannes to immediately pay the $3,500 owed to Derrick Turton to his new attorney Richard R. Robles, P.A;

b. Order Melodye Hannes to pay Derrick Turton the reasonable expenses, including attorney's fees, incurred in preparing and filing this Motion to Compel Compliance; and

c. Grant any other relief this Court deems just and proper.

Dated: October 9, 2025

Law Offices of Richard R. Robles, P.A.
Attorney for Debtor
905 Brickell Bay Drive, #228
Miami, Florida  33131
(305) 755-9200
Primary e-mail: rrobles@roblespa.com
Secondary e-mail: assistant@roblespa.com

/s/ Richard R. Robles, Esquire
Richard R. Robles, Esquire
Florida Bar No. 0088481

3